UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVIS C. JEFFERSON,<br><br>            Plaintiff,<br><br>      v.<br><br>DAVID STOCKWELL,<br><br>            Defendant. | Case No.  2:24-cv-01441-DJC-JDP (PS)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, SCREENING HIS COMPLAINT, AND GRANTING LEAVE TO AMEND<br><br>ECF Nos. 1 & 2 |

Plaintiff brings this action against defendant David Stockwell, the Director of Veterans Affairs ("VA"), Northern California Health Care System. His complaint's allegations, however, are insufficient to state a claim. I will give plaintiff a chance to amend his complaint before recommending dismissal. I will also grant his application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

1  which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2  relief. *Id.*

3  A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13 The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20                                     **Analysis**

21 The complaint's limited allegations are difficult to follow and are insufficient to apprise
22 defendant and the court of the specific claim plaintiff is attempting to allege. Plaintiff expresses
23 frustration with the VA's healthcare services, alleging that he was required to make five
24 appointments to obtain medical care. ECF No. 1 at 5. He appears to believe the appointments are
25 unnecessary because the VA has already diagnosed his medical condition. *Id.* Plaintiff states that
26 this case is brought under the Americans with Disabilities Act and the Civil Rights Act of 1964.
27 *Id.* at 4.
28

1    Plaintiff's allegations are inadequate to state a claim under the ADA.  As an initial matter,
2 plaintiff cannot sue defendant Stockwell in his individual capacity for violation of the ADA.  *See*
3 *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2022) (holding that "a plaintiff cannot bring an
4 action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights
5 created by Title II . . ." ).  More fundamentally, "because the ADA's definition of public entity
6 encompasses only state and local governments and their instrumentalities, it is well settled that
7 the ADA does not provide a cause of action against the federal government."  *Bosworth v. United*
8 *States*, 2016 WL 4168852, at *4 (C.D. Cal. Aug. 5, 2016) (citation and internal quotation marks
9 omitted); *see* 42 U.S.C. § 12131(1); *see also Agee v. United States*, 72 Fed. Cl. 284, 289 (Fed. Cl.
10 2006) (holding that "Congress has not waived the Federal Government's sovereign immunity with
11 regard to ADA claims").

12    To the extent plaintiff is attempting to allege a claim for violation of Title VII of the Civil
13 Rights Act, he has failed to do so.  Like his ADA claim, plaintiff's Title VII claim cannot be
14 asserted against Stockwell in his individual capacity.  And Stockwell is not a proper defendant for
15 an official capacity claim.  In a Title VII discrimination action, "the head of the department,
16 agency, or unit as appropriate, shall be the defendant."  42 U.S.C. § 2000e-16(c).  But more
17 significantly, plaintiff's complaint does not contain any allegations showing that he was subjected
18 to disparate treatment on account of his race.

19    I will allow plaintiff a chance to amend his complaint before recommending that this
20 action be dismissed.  If plaintiff decides to file an amended complaint, the amended complaint
21 will supersede the current complaint.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th
22 Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face
23 without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended
24 complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended
25 complaint, as in an original complaint, plaintiff will need to assert each claim and allege each
26 defendant's involvement in sufficient detail.  The amended complaint should be titled "First
27 Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an
28 amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

3. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   June 4, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4