UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVIS C. JEFFERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DAVID STOCKWELL,<br><br>　　　　Defendant. | Case No. 2:24-cv-01441-DJC-JDP (PS)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S FIRST AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF No. 7<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

    Plaintiff brings this action against defendant David Stockwell, the Director of Veterans Affairs ("VA"), Northern California Health Care System. His amended complaint suffers from the same insufficiencies as his prior complaint. Because plaintiff has failed to cure the deficiencies outlined in my prior order, I recommend that the amended complaint be dismissed without leave to amend for failure to state a claim.

**Screening and Pleading Requirements**

    A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint's allegations are sparse and insufficient to notify defendant Stockwell and the court of the specific claim plaintiff is attempting to allege. In its entirety, the amended complaint alleges (under "Statement of Claim" on the complaint form): "The defendant will not treat my medical problems. The plaintiff wishes to be treated as a citizen of the United States." ECF No. 7 at 6. Plaintiff states that this case is brought under the Americans with Disabilities Act and the Civil Rights Act of 1964. *Id.* at 5.

Plaintiff's allegations are inadequate to state a claim under the ADA. As I explained in my previous order, plaintiff cannot sue defendant Stockwell in his individual capacity for a

1    violation of the ADA.  *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2022) (holding that

2    "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual

3    capacity to vindicate rights created by Title II . . ." ).  More fundamentally, "because the ADA's

4    definition of public entity encompasses only state and local governments and their

5    instrumentalities, it is well settled that the ADA does not provide a cause of action against the

6    federal government." *Bosworth v. United States*, 2016 WL 4168852, at *4 (C.D. Cal. Aug. 5,

7    2016) (citation and internal quotation marks omitted); *see* 42 U.S.C. § 12131(1); *see also Agee v.

8    United States*, 72 Fed. Cl. 284, 289 (Fed. Cl. 2006) (holding that "Congress has not waived the

9    Federal Government's sovereign immunity with regard to ADA claims").

10           To the extent that plaintiff is attempting to allege a claim for violation of Title I and V of

11   the Civil Rights Act, he has failed to do so.  In relevant part, Title I provides, "[n]o covered entity

12   shall discriminate against a qualified individual on the basis of disability in regard to job

13   application procedures, the hiring, advancement, or discharge of employees, employee

14   compensation, job training, and other terms, conditions, and privileges of employment."  42

15   U.S.C. § 12112(a).  As used in § 12112(a), "covered entity" means an employer, employment

16   agency, labor organization, or joint labor-management committee.  42 U.S.C. § 12111(2).  The

17   complaint contains no allegations that plaintiff was discriminated against in terms of employment

18   or otherwise.  Indeed, the only allegation is that plaintiff did not receive medical treatment.

19   Likewise, the complaint does not contain allegations sufficient to assert a claim under Title V.

20   Title V prohibits retaliation against individuals who oppose unlawful acts under the ADA.  *Louie*

21   *v. Carichoff,* 2006 WL 662742, at *2 (E.D. Cal. Mar.16, 2006).  The complaint contains no

22   allegations of retaliation.

23           Consequently, the amended complaint should be dismissed without leave to amend.  *See*

24   *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district

25   courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are

26   not required to grant leave to amend if a complaint lacks merit entirely.").

27

28           Accordingly, it is RECOMMENDED that:

1. Plaintiff's complaint, ECF No. 7, be dismissed without leave to amend; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 3, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE